In the Matter of the Application of JOSEPH W. HOWE and Another, as Executors of GEORGE P. CLAPP, for Leave to Sue BENJAMIN I. H. TRASK.

*Laches — leave to sue upon a bond where the lien of a mortgage collateral thereto has been cut off by the foreclosure of a prior mortgage — a judgment is presumed to embody all prior agreements as to its form.*

Two lots, belonging to one Trask and wife, were, August 15, 1872, mortgaged by them to an insurance company. Thereafter, and in June, 1873, the mortgagors gave two bonds and mortgages upon the same lots to one Desier A. Clapp. In May, 1876, Mrs. Trask, who had incurred the debt and received the proceeds of the second mortgages, conveyed certain other property to Desier A. Clapp, as alleged, in full satisfaction of the latter's claim under her mortgages, in which transaction one C. F. Moulton acted as attorney for Desier A. Clapp.

On September 3, 1877, the insurance company obtained judgments of forclosure upon its mortgages; pending which foreclosure Desier A. Clapp began actions for the foreclosure of her mortgages by said Moulton, as her attorney.

In the last-mentioned actions brought by Desier A. Clapp answers setting up usury were interposed and were stricken out as sham, as alleged, upon an agreement that if stricken out no judgments for a deficiency would be asked by Desier A. Clapp against Trask and his wife. Judgments of foreclosure were entered, September 6, 1877, by said Desier A. Clapp, containing the usual direction for a deficiency judgment. The insurance company sold under its judgments and a deficiency resulted. No sale was ever had under the judgments of Desier A. Clapp. In 1881, Mrs. Trask was discharged in bankruptcy. In the same year Desier A. Clapp died and left a will, in which her husband, George P. Clapp, was named as sole legatee and devisee. George P. Clapp died in 1884 leaving a will, under which Joseph W. Howe and the said C. F. Moulton qualified as executors on May 14, 1884. In March, 1891, the last-named executors began a proceeding, under section 1628 of the Code of Civil Procedure, for leave to sue upon the bonds given by said Trask and wife to said Desier A. Clapp. The court denied the application upon the ground of laches, fourteen years having elapsed since the foreclosure sale under the first mortgages.

*Held,* error.

That there was no rule requiring such an application to be made within any particular time.

That the judgments in foreclosure were a conclusive adjudication that Trask was indebted to Desier A. Clapp, or to those legally representing her.

That, as by the foreclosure of the first mortgages the second mortgages were cut off, and nothing was realized upon the latter, the representatives of Desier A. Clapp had a right to resort to the bonds against which the statute of limitations had not run.

That the allegation of an arrangement whereby the answers alleging usury were allowed to be stricken out, upon a promise that no deficiency judgment should be entered, was conclusively disproved by the subsequent entry of the judgment in foreclosure containing a deficiency judgment clause. (VAN BRUNT, P. J., dissenting.)

APPEAL by Joseph W. Howe and Clarence F. Moulton, as executors of George P. Clapp, deceased, applicants herein, from an order, entered in the office of the clerk of the city and county of New York on the 13th day of May, 1891, denying their motion for leave to sue Benjamin I. H. Trask upon certain bonds.

The affidavits presented upon the motion tended to show the following facts not stated in the opinions: That Benjamin I. H. Trask and wife executed two bonds and mortgages upon the premises in question to the Mutual Life Insurance Company of New York, bearing date August 15, 1872, and recorded in the register's office of said city August 29, 1872. That actions for the foreclosure thereof were begun thereon, and that sales in foreclosure under said mortgages took place February 5, 1879, and resulted in large deficiencies in each action. That said Desier A. Clapp was a party defendant to both of said actions; that she was the owner at the time of the recovery of the judgments by the insurance company of bonds dated June, 1873, secured by genuine mortgages upon the same premises, upon which she obtained judgments of foreclosure, and for a deficiency, if any resulted on the sale; that she never sold under the judgments obtained by her upon her bonds and mortgages, nor ever entered any deficiency judgment in either of her actions; that certain payments were made to her by the Trasks in May, 1876, by the transfer to her by them of certain property in Duane street, in New York city, and that, upon such conveyance, one Clarence F. Moulton, as attorney in fact for Desier A. Clapp, indorsed upon the bonds accompanying said mortgages receipts for a part payment of such bonds. Trask alleged that this payment was to relieve and discharge himself and wife from any personal liability upon said bonds. There still remained due upon said bonds a large sum. That when Desier A. Clapp began to foreclose her mortgages against the Trasks, the latter answered and set up usury. Trask alleged

that thereupon said Moulton, as attorney for Desier A. Clapp, requested him to allow judgment to be entered in order that she might, if possible, secure the amount remaining due, and Moulton then stated that it was not intended to enforce any personal claim against Trask or against his wife, and that upon this assurance the answers were allowed to be stricken out as sham. Nothwithstanding this, Desier A. Clapp, on September 6, 1877, entered in her actions the usual foreclosure judgments charging Trask and wife with any deficiency.

Mrs. Trask alleged that the loan by Desier A. Clapp, for which said bonds and mortgages were given, was made to her, and not to her husband. Mrs. Trask was discharged in bankruptcy on the 23d day of November, 1881. Desier A. Clapp died September 17, 1881, and was then the owner of said bonds, to which the said mortgages of the Trasks were collateral. Her husband, George P. Clapp, was, under her will, her sole devisee, legatee and executor, and to him letters testamentary were issued November 14, 1881. He thereupon qualified and, as such executor, received said bonds. Subsequently said George P. Clapp died, leaving a will, which was duly proved May 14, 1884, and upon the same day the executors named therein, Joseph W. Howe and Clarence F. Moulton, qualified, and, as such executors, subsequently received said bonds. Nothing had ever been done upon the part of Desier A. Clapp, or upon the part of her legal representatives, in the way of actions, proceedings or demands, to enforce payment of said bonds until the present application was made; nor did the said Howe and Moulton, as such executors, include them on their inventory of the property of George P. Clapp.

*Gerrit Smith*, for the executors of George P. Clapp, appellants.

*Charles Donohue*, for Benjamin I. H. Trask, respondent.

INGRAHAM, J. :

The respondent admits having executed the bonds upon which the appellants ask leave of the court to sue, and it appears that in an action to foreclose two mortgages given to secure the payment of the bonds the respondent appeared and interposed an answer alleging the defense of usury, and that subsequently such answers were

stricken out as sham and judgments of foreclosure and sale entered, whereupon the respondent was adjudged to pay any deficiency to plaintiff.

This judgment is a conclusive adjudication that defendant had no defense to the action and was indebted to plaintiffs' testator in the amount of the bond. As the property covered by the mortgages was subsequently sold to satisfy a prior lien, nothing was realized in the foreclosure suits, and as the statute of limitations had not run against the bonds, the mere delay in making the application is not a reason for denying the motion.

There is no rule that requires that this application should be made at any particular time, and by denying it on the ground of laches in making the motion the court, in effect, establishes a different time within which an action upon a bond must be brought than that established by law.

The allegation that some arrangement was made, whereby the obligor and his co-obligor would be released from any personal obligation upon the bond is conclusively established to be without foundation by the judgment subsequently entered in the foreclosure action. He was represented by his attorney in that action and interposed an answer; he did not allege therein the making of the agreement now brought forward as a reason for denying this application, and the effect of the order appealed from is to reverse the adjudication of this court as to the liability of the defendant upon the mere statement of the respondent on this application, that in consequence of an agreement made before the entry of the judgment against him he was not to be personally responsible.

Upon the bond and judgment itself the petitioner is entitled to recover, and no reason is shown why they should not be allowed to commence the action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and motion granted.

DANIELS, J. :

Whether a defense exists to the debts mentioned in the bonds can regularly be only determined on a trial when the evidence will be directly produced before the court, and to place the demands in the condition in which the trial can be had, the order permitting the

bonds to be sued becomes necessary. To prevent the order. the proof should be satisfactory that the bonds have been discharged or satisfied. That degree of proof is in this instance wanting, and leave to sue the bonds should be given.

I, therefore, agree with the opinion of Mr. Justice INGRAHAM for a reversal of the order.

VAN BRUNT, P. J. (dissenting):

In June, 1873, one Trask and wife executed and delivered to one Clapp their two joint and several bonds for $2,500, each secured by two second mortgages on two adjoining lots of land in New York city. In May, 1876, the mortgagors caused to be conveyed to the mortgagee certain property in Duane street, New York city, as claimed by the appellants, in part payment of said bonds, and credit was given therefor on said bonds, leaving a balance due. In November, 1877, two actions were begun by the mortgagee against Trask and wife to foreclose the mortgages for the balance alleged to be due on the bonds, in each of which actions a defense of usury was interposed by the wife of Trask.

A motion was made to strike out such answers as sham, and upon the consent of the attorney for Mrs. Trask an order was entered striking them out, and subsequently decrees of foreclosure were entered on the 6th of September, 1877. A few days prior to the entry of the decrees in these actions (viz., on September 3, 1877), judgments of foreclosure and sale were entered in actions brought upon the first mortgages, and upon the sale of the premises a deficiency resulted upon said last named mortgages. No sale was had under the decree of September 6, 1877.

The mortgagee died on September 17, 1881, leaving her husband sole executor and legatee under her will; and he died in 1884, leaving a last will and testament, of which the applicants Joseph W. Howe and Clarence Moulton are executors. No other payments having been made upon said bonds this application, under section 1608 of the Code, was made for leave to bring suit thereon. This application being denied, from the order thereupon entered this appeal is taken.

The learned court below seems to have denied this motion upon the ground of laches, nearly seventeen years having elapsed since

the making of the bonds. But it is doubtful whether any lapse of time short of the statute of limitations, unless there were other considerations, would be an answer to the right to sue.

But there is one difficulty presented upon the face of these papers which seems to justify the denial of the application.

It seems that the executor Moulton was acting as the attorney, in fact, of the mortgagee in connection with all these transactions; and it is alleged, upon the part of the appellant Trask, that the answers in the foreclosure suits were allowed to be stricken out under and in pursuance of an agreement between himself and Moulton, that no personal judgment would be enforced either against himself or his wife.

And it is to be observed that Moulton verified the complaint in these foreclosure actions as the attorney of the plaintiff, who was absent from the city of New York. Moulton has made no affidavit or denial of these allegations. It seems to us, therefore, that the making of such an agreement is established, and it certainly would be inequitable to allow an action to be brought upon these bonds after the making of such an agreement by the representative and attorney of the plaintiff in those actions, who had the sole charge and management of her affairs in this respect.

The order should be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements and motion granted.